UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCRS, INC., a Michigan Corporation,

       Plaintiff,

v.                                                                                                 Case No. 11-14590
                                                                                Honorable Denise Page Hood

COLONEL KRISTE KIBBEY ETUE,
Director of the MICHIGAN STATE
POLICE, and FIRST LIEUTENANT JOEL
ALLEN, an individual, and TROOPER
RENE GONZALEZ, an individual, and
TROOPER CHRISTOPHER GRACE, an
individual, and TROOPER RAYMOND
MATTHEWS, an individual, and CARY
ROBINSON, an individual,

       Defendants.

                                                            /

## ORDER DENYING MOTION FOR RECONSIDERATION

       This matter is before the Court on Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Defendant's Motion to Dismiss. On February 29, 2012, the Court granted Defendants' motion to dismiss and entered judgment in favor of Defendants on all claims [Docket Nos. 16, 17].

       Federal Rule of Civil Procedure 59(e) governs an amendment to an order after judgment has been entered. Any motion to amend or alter a judgment must be filed within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). A motion to amend or alter a judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any

motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plan." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). Plaintiff's motion is timely.

Plaintiff presents several issues of disagreement with the Court's decision to grant Defendants' motion to dismiss. Plaintiff contends that the Court committed a palpable error by considering matters outside the pleadings, specifically, Exhibits A, B, and D to Defendants' motion to dismiss. Plaintiff argues that the Court should have considered Defendants' motion as a motion for summary judgment. As initial matter, Plaintiff never objected to Defendants attaching exhibits to their motion to dismiss. Rather it only indicated that *if* the Court considered matters outside the pleadings, the Court should proceed on the motion as a motion for summary judgment. Despite Plaintiff's limited view of what may be considered in a motion to dismiss, the Court may consider matters outside the pleadings without converting a motion to dismiss into a motion for summary judgment if such matters are referenced in the Complaint and central to the plaintiff's claim. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). The Court may consider exhibits attached to the complaint, defendant's motion to dismiss, public records, and items in the record of the case. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673,

681 (6th Cir. 2011). As explained below, all matters the Court referenced were either attached to Plaintiff's Complaint, referenced in the Complaint, or part of the record of the case. Further, as already noted, Plaintiff did not object to the Court considering Defendants' motion as a motion to dismiss.

Plaintiff argues that the Court failed to consider the Complaint in the light most favorable to Plaintiff when it determined that Plaintiff had admitted that he had not paid for the vehicle. Plaintiff contends that no such admission was contained in the pleadings. The Court specifically relied on Exhibit A to Defendants' motion to dismiss, which is the same police report that Plaintiff attached to his Complaint. However, Plaintiff made numerous redactions to the police report. Defendants attached the complete police report. In the police report, Plaintiff admits that he stopped payment on the check he used to pay for the vehicle in question. (Docket No. 8, Ex. A, p. 5). Plaintiff opened the door for the Court to consider the police report when he attached it to his Complaint. He cannot now complain when Defendants provide the Court with the un-redacted police report, which contains information that Plaintiff apparently did not want the Court to consider. Furthermore, Plaintiff failed to object that the report was not what it purported to be.

Second, Plaintiff argues that the Court should not have considered Exhibit B or Exhibit D to Defendants' motion to dismiss. Exhibit B is the stopped payment check and Exhibit D is the preliminary hearing testimony for the underlying state matter *People v. Conely*. The stopped payment check was referenced in the police report attached to Plaintiff's Complaint. The preliminary hearing transcript is part of the record of the case. Plaintiff failed to object to their consideration in its response or to indicate that the documents were not what they purported to be. The Court's consideration of those exhibits was proper.

Third, Plaintiff contends that the Court erred in dismissing Plaintiff's equal protection claim. Plaintiff did not provide any argument or facts to support its claim in its Complaint or response to the motion to dismiss and now rehashes the same arguments already raised. The Court finds that the Plaintiff's motion for reconsideration presents the same issues that were expressly or implicitly ruled on by the Court. Plaintiff has not demonstrated a palpable defect that misled the Court or the parties.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Rehearing or Reconsideration **[Docket No. 18, filed March 14, 2012]** is **DENIED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager